**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GEORGE MEJIA GARCIA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-381<br><br>Agency No.<br>A070-957-693<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025[**]
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

George Mejia Garcia, a native and citizen of Honduras, seeks review of the

Board of Immigration Appeals' (BIA) December 2024 decision denying his

motion to reopen removal proceedings. We dismiss the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). The BIA abuses its discretion if its decision is "arbitrary, irrational or contrary to law." *Id.* (citation omitted).

Mejia Garcia argues that the BIA abused its discretion and erred by refusing to exercise its sua sponte authority to reopen his removal proceedings.[1] We have jurisdiction to review BIA "decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Indeed, the scope of our review is "limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion . . . or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (citations omitted). "In other words, our review . . . is constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA *might* have misunderstood some aspect of

---

[1] To the extent Mejia Garcia's argument challenges the BIA's September 2013 decision affirming the immigration judge's denial of his motion to reopen and rescind the March 1996 in absentia deportation order, we decline to consider such arguments as that decision is not properly before this court. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003). We also decline to consider any arguments of ineffective assistance of counsel in the first instance as Mejia Garica has failed to exhaust his administrative remedies on this issue. *See Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007); *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

its discretion." *Id.* (emphasis in original).

Here, the BIA articulated the "exceptional situations" standard for its exercise of discretion under 8 C.F.R. § 1003.2(a). And at no point did the BIA assert that it lacked authority to grant reopening or to consider the merits of Mejia Garcia's motion to reopen. Instead, the BIA properly considered Mejia Garcia's "motion and supporting documentation, and . . . conclude[d] that the record before [it] does not present an exceptional situation that warrants the exercise of [its] sua sponte reopening authority in these proceedings." Because the BIA's decision "evinces no misunderstanding of the agency's broad discretion to grant or deny sua sponte relief—that is, the BIA 'exercise[d] its authority against the correct legal background'—there is nothing left for [this court] to review." *Lona*, 958 F.3d at 1235 (citing *Bonilla*, 840 F.3d at 588, 592).

**PETITION FOR REVIEW DISMISSED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 3, is otherwise denied.